IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILIP BORZONI,

    Plaintiff,

v.       Civ. No. 24-546 JCH/GBW

MARTIN O'MALLEY, *Commissioner of the
Social Security Administration*,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court upon a review of the record. Plaintiff filed his Complaint on May 31, 2024. *Doc. 1*. Per the Briefing Schedule, the deadline for Plaintiff to file his Motion to Reverse or Remand to the Administrative Agency was September 2, 2024. *See docs. 6, 11*. To date, no such motion or motion for extension of time has been filed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute *sua sponte*. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Additionally, the Court may impose sanctions for Plaintiff's failure to prosecute based on the Court's inherent power to regulate its docket and promote judicial efficiency. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). Based on

1

Plaintiff's failure to prosecute his case, he will be required to show cause why this case should not be dismissed.

Wherefore, **IT IS HEREBY ORDERED** that, no later than **fourteen (14) days from the issuance of this order**, Plaintiff shall show cause in writing why the Court should not assess the sanction of dismissal for failure to prosecute.  Failure to respond to this Order shall constitute an independent basis for dismissal.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE