IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILIP BORZONI,

    Plaintiff,

v.                                                                            Civ. No. 24-546 JCH/GBW

MARTIN O'MALLEY, *Commissioner of the*
*Social Security Administration*,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon a review of the record and the Honorable Judge Judith Herrera's Order of Reference, *doc. 18*, referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. Having reviewed the record as a whole, I RECOMMEND that the Court dismiss Plaintiff's Complaint (*doc. 1*) against the Social Security Administration without prejudice.

    **I.**     **BACKGROUND**

Plaintiff filed his *pro se* Complaint against the Social Security Administration on May 31, 2024. *Doc. 1*. Per the Briefing Schedule, the deadline for Plaintiff to file his Motion to Reverse or Remand to the Administrative Agency was September 2, 2024. *See docs. 6, 11*. Plaintiff failed to file his Motion to Reverse or Remand to the Administrative Agency by September 2, 2024. On September 5, 2024, the undersigned ordered Plaintiff to show cause in writing why the Court should not assess the sanction of dismissal for

1

failure to prosecute. *Doc. 14*. On September 12, 2024, Plaintiff filed a "letter" and a "Motion to proceed with case" requesting that the Court allow the case to move forward. *Docs. 16, 17*. To date, Plaintiff has not filed his Motion to Reverse or Remand to the Administrative Agency.

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that despite Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). A dismissal for failure to comply with a court order under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Although *pro se* litigants' pleadings are held "'to less stringent standards than formal pleadings drafted by lawyers[,]' [t]he pro se litigant 'nevertheless must follow the same rules of procedure that govern other litigants.'" *Jaramillo v. Frewing,* 347 F. Supp. 3d 827, 839 (D.N.M. 2018) (citations omitted).

While a court should impose "dismissal for failure to prosecute . . . only after careful exercise of judicial discretion," "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). In determining

2

whether dismissal is a just sanction, courts consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be the likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations and citations omitted). "The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 921).

### III. ANALYSIS

Plaintiff has failed to prosecute his case. Per the Briefing Schedule, Plaintiff was required to file his Motion to Reverse or Remand to the Administrative Agency by September 2, 2024. *See docs. 6, 11*. To date, no such motion or motion for extension of time has been filed. Although Plaintiff's failure to file his Motion to Reverse or Remand to the Administrative Agency has not caused a high degree of prejudice to Defendant, his lack of participation has interfered with the judicial process. The case has been thwarted by Plaintiff's failure to file a Motion to Reverse or Remand—it cannot move forward without Plaintiff first identifying the issues on appeal and his arguments in favor of remand. Plaintiff is culpable for this failure to prosecute. Finally, Plaintiff was warned, in the undersigned's Order to Show Cause, that sanctions—including dismissal—could be imposed. *See generally doc. 14*. Despite this warning, Plaintiff has failed to

file a Motion to Reverse or Remand to the Administrative Agency, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that Plaintiff's Complaint be dismissed without prejudice. If Plaintiff would still like to file a Motion to Reverse or Remand to the Administrative Agency, he must do so within 14 days. This motion, if filed, must be in addition to and separate from any objections filed as described below and must identify the issues on appeal and argue why reversal or remand is appropriate.

## IV. CONCLUSION

Based on the foregoing reasoning, the undersigned RECOMMENDS the following:

(1) Assuming Plaintiff does not file a Motion to Reverse or Remand to the Administrative Agency within 14 days of the issuance of this Proposed Findings and Recommended Disposition, the Court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint (*doc. 1*).

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**