IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PHILIP BORZONI,

    Plaintiff,

v.                                                           No. 24-CIV-546 JCH/GBW

MARTIN O'MALLEY, Commissioner of the
Social Security Administration,

    Defendant.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is before the Court on Magistrate Judge Gregory B. Wormuth's October 4, 2024, *Proposed Findings and Recommended Disposition* ("PFRD") (ECF No. 19). In that PFRD, Judge Wormuth recommends that "[a]ssuming Plaintiff does not file a Motion to Reverse or Remand to the Administrative Agency within 14 days of the issuance of this Proposed Findings and Recommended Disposition, the Court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint." (*Id.* at 4.) The PFRD notified the parties of their ability to file objections within fourteen days, and that failure to do so waived appellate review. (*Id.* at 5.)

    **I.**    **BACKGROUND**

    On September 5, 2024, Judge Wormuth issued an *Order to Show Cause* why this case should not be dismissed for failure to prosecute based on Plaintiff's failure to file timely his motion to reverse or remand to the administrative agency. (Order 1, ECF No. 14.) Plaintiff thereafter filed medical documents (ECF No. 15), a letter (ECF No. 16) asking to allow the case to proceed, and a letter stating, "motion to proceed with case" (ECF No. 17). None of these documents contained any substantive analysis or set forth grounds to reverse or remand.

1

Judge Wormuth then entered his PFRD, stating that Plaintiff was required to file a motion to reverse or remand and that he had not filed such a motion or requested an extension of time to file the motion. (PFRD 3, ECF No. 19.) Judge Wormuth explained that Plaintiff must identify the issues on appeal and his arguments in favor of remand for his case to move forward. (*Id.*) Judge Wormuth recommended that Plaintiff's complaint be dismissed without prejudice. (*Id.* at 4.) However, he offered Plaintiff another opportunity to file a motion to reverse or remand to the administrative agency within 14 days in a document separate from any objections. (*Id.*) Judge Wormuth said, however, that the motion "must identify the issues on appeal and argue why reversal or remand is appropriate." (*Id.*)

On October 10, 2024, Plaintiff timely filed a letter objecting "to having the case dismissed." (Obj., ECF No. 20.) He asserted that he was trying his hardest to keep the case moving forward and asked to keep the case moving forward. (*Id.*) In a separate letter filed the same day, he said that he thought his last response was sufficient to move the case forward and that, "I wish to motion to reverse and to please move forward." (Letter, ECF No. 21.) In both letters, Plaintiff failed to identify the issues on appeal or to argue why reversal or remand was appropriate. (*See* Obj., ECF No. 20; Letter, ECF No. 21.) Nor did he ask for an extension of time in which to file additional motions. (*See id.*)

II. ANALYSIS

A "party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). Plaintiff's objection is insufficiently specific to focus the district court's attention on the issues that are truly in dispute in this case.

Nevertheless, pursuant to Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record and all parts of the PFRD. Judge Wormuth clearly informed Plaintiff that to continue to move this case forward, he had to file a motion to reverse or remand *and* identify therein the issues on appeal and argue why reversal or remand is appropriate. Although Judge Wormuth repeatedly warned him that he needed to set forth the issues and give substantive argument, Plaintiff failed to file a sufficient motion necessary to move this case forward. Plaintiff, proceeding pro se, "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). After conducting this de novo review and having thoroughly considered the PFRD and the record, the Court finds no reason either in law or fact to depart from Judge Wormuth's well-reasoned recommended disposition.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. The objections of Plaintiff are **OVERRULED**;
2. Judge Wormuth's Proposed Findings and Recommended Disposition (ECF No. 19) are **ADOPTED**; and
3. The Court **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE